IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 JAN -3  P 4: 12

CLERK _____
SO. DIST. OF GA.

CORNELIUS L. PENDER, SR.,

    Plaintiff,

v.

Detention Officer BIDDLE;
Detention Officer DANIELS;
WARE COUNTY JAIL, and
MEDICAL SERVICES
ASSISTANCE,

    Defendants.

CIVIL ACTION NO.: CV506-086

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff, who is currently confined at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

    28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff names the Ware County Jail as a Defendant in his Complaint. While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), jails, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Ware County Jail, as it is merely the vehicle through which the county governs and is not a proper party defendant.

AO 72A
(Rev. 8/82)

Plaintiff contends that Defendant Daniels did not allow him to have his full visitation time with two visitors. Plaintiff asserts that Defendant Biddle told him that Defendant Daniels would not allow the full time due to an argument. A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). Plaintiff's allegations as to his shortened visitation time fail to allege a constitutional violation.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendant Ware County Jail be **DISMISSED** for failure to state a claim upon which relief may be granted. It is also my **RECOMMENDATION** that Plaintiff's claim that he was denied full visitation time be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 3rd day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)